## TIBBS *vs.* WILLIAMSON.

Art. 6, sec. 7, par. 2 of the constitution of 1877, which provides in re-
gard to justice courts, that "in all cases there may be an appeal to a
jury in said court, or an appeal to the superior court, under such
regulations as may be prescribed by law," does not of itself change
existing laws, so as to allow an appeal in cases where the amount
claimed is not over fifty dollars.

Justice Courts.  Appeal.  Constitutional law.  Before
Judge McCutchen.  Whitfield Superior Court.  April
Term, 1878.

Reported in the decision.

D. R. Jones; Johnson & McCamy, for plaintiff in error,
cited constitution of 1877, art. vi., section vii., par. 2 ; 54 *Ga.*,
667 ; Cooley on Const. Lim., 2d ed., 410 ; Code, §5105 ; 46
*Ga.*, 41 ; Stenographic Report Const. Conv., pp. 209-10.

W. K. Moore ; D. A. Walker ; Shumate & Williamson,
for defendant, cited constitution of 1877, art. vi., sec. vii., par.
2 ; *Id.*, art. ix., art. xii., par. 3 ; Cooley's Const. Lim., 2d ed.,
top page 62, side p. 63, and cases cited.

Warner, Chief Justice.

This case came on to be heard in the court below on an
appeal from a justice court, when the respondent made a
motion to dismiss the appeal on the ground that the amount
claimed in the suit was less than fifty dollars, which motion
the court sustained, and the appellant excepted.

By the constitution of 1877, justice courts have jurisdiction,
in cases therein specified, when the principal sum does not
exceed $100.00, " but in all cases there may be an appeal to a
jury in said court, or an appeal to the superior court, under
such regulations as may be prescribed by law."   There has
been no law passed by the general assembly since the adop-
tion of the constitution of 1877 prescribing any regu-
lations whatever in relation to appeals in a justice court.   By

the 3610th section of the Code it is declared, that in all civil cases tried in a justice court where the sum claimed is more than fifty dollars, either party may, as a matter of right, enter an appeal to the superior court, and that is the only regulation prescribed by law, at the present time, for appeals in a justice court, and was so intended to be, until the general assembly should otherwise prescribe after the adoption of the constitution of 1877, for it is expressly declared by that constitution that "all laws now of force in this state, not inconsistent with this constitution, shall remain of force until the same are modified or repealed by the general assembly." There was no error in dismissing the appellant's appeal on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.