THE SINGER MANUFACTURING COMPANY *vs.* MARTIN.

Whether a case involves more than $50.00, and therefore can be appealed from a justice's court to the superior court, is to be determined from the summons and the cause of action thereto attached. Where the summons required the defendant to appear and answer to a suit for the recovery of a sewing machine worth $50.00, with no other copy of the cause of action attached thereto, an appeal to the superior court did not lie. Nor was the case rendered appealable because the affidavit made to require bail stated that the hire of the property was worth $36.00.

November 17, 1885.

Justice Courts. Appeal. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

Reported in the decision.

HATCHER & PEABODY, for plaintiff in error.

B. A. THORNTON ; W. A. LITTLE, for defendant.

HALL, Justice.

This appeal from a justice's court to the superior court was dismissed, because, as alleged, the amount claimed did not exceed fifty dollars. Code, §4157(b). It is insisted,

however, that the amount claimed in this instance did exceed that sum; that the affidavit requiring bail alleged that the machine sued for was worth fifty dollars, and that its hire was worth thirty-six dollars, and that the aggregate of these sums ($86) was the amount in controversy. The only pleading in a justice's court is a summons, to which the justice is required to attach a copy of the cause of action sued on. Code, §4136. To this we must look, not only for the character, but the amount of the claim. In this instance, the summons, to which was attached no copy of the cause of action, required the defendant to appear and answer to a suit for the recovery of a sewing machine worth fifty dollars. Tested by the pleadings, the amount involved did not exceed that sum, and no recovery could have been had in excess of that amount, and from such a judgment rendered by the justice an appeal did not lie to the superior court; consequently there was no error in dismissing the same, either under the law as it stood prior to the act of 1879 (Acts 1878–9 pp., 153, 154) or under that act. *Tibbs vs. Williamson*, 61 *Ga.*, 74.

Judgment affirmed.