### P. J. WILLIS & BRO. v. H. CHOWNING.

Delivered April 25, 1898.

**1. Claimant's Bond—Surety—Redelivery of Property.**

The surety on a claimant's bond performs his agreement to deliver back to the sheriff the property levied upon and afterwards claimed by the principal, in consideration of his release from all liability under a judgment against him as surety, by directing the sheriff to retake all property embraced in the levy, where it consisted of goods and groceries which were easily accessible to the sheriff and cattle originally seized under range levy. Rev. Stats., art. 5310.

**2. Damages—Wrongful Levy.**

Vindictive damages can not be recovered for a wrongful levy on property, in the absence of evidence showing bad faith, oppression, or wantonness.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Frank P. McGee,* for appellants.

*F. C. Beckett* and *J. R. Talbert,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—The full facts of this case will be found in our conclusions on a former appeal, except that we were mistaken as to the filing of a supersedeas bond by Morrison's administrator. It was the reference to a supersedeas writ which misled the writer of that opinion into error, as discovered and corrected by our Supreme Court. See 38 Southwestern Reporter, 1141, and for Supreme Court's opinion, see 40 Southwestern Reporter, 395.

In addition to the facts stated in the two opinions above referred to, which we find correct in substance as applied to this appeal and adopt, we further find that on the day of the judgment of the District Court of Wilbarger County in the case of Willis & Bro. v. Morrison et al., for the trial of the right of property, September 12, 1884, the appellee H. Chowning made an agreement with Mr. Finch, who was the attorney of Willis & Bro. in that suit, that in consideration of Chowning's release from all liability by reason of that judgment against him as surety, he, the said Chowning, would deliver back to the sheriff the property which

had been by him levied on and afterwards claimed by Morrison; and in pursuance of that agreement, we find as a further conclusion of fact that the said Chowning did then and there direct the sheriff to repossess himself of and retake all the property embraced in the first levy. At that time, the evidence tends to prove and we so conclude, the goods and groceries so previously seized were in a storehouse in Vernon, Wilbarger County, and could have been retaken by the sheriff, and the horses and cattle were running at large on the range in said county, just as they were when they were first levied on by the sheriff by range levy.

We are of opinion, therefore, that the goods and groceries being easily accessible to the sheriff, it was his duty to repossess himself of them, and the original levy being a range levy on the cattle and horses, this tender to the sheriff was in law a delivery to him, in compliance with article 5310 of our Revised Statutes, and that Chowning was thereby discharged from any further liability on the judgment rendered against him as surety on the claimant's bond.

We further find that there is no evidence in the record warranting a verdict for vindictive damages against Willis & Bro. for the levy on and sale of Chowning's property under said judgment, as it seems that Willis & Bro. did not understand that Chowning had ever been released, and probably had never been informed by Mr. Finch of the agreement to release him. At all events, there is no evidence of bad faith or oppression or wantonness on the part of appellant, and the issue should not have been submitted to the jury.

We therefore order that the judgment for $250 for vindictive damages be reversed, set aside, and for naught held, but that the judgment in all other respects be affirmed.

*Modified and affirmed.*

Writ of error refused.