# FIFTH DISTRICT, 1901.

PARLIN & ORENDORFF CO. v. W. S. COFFEY, SHERIFF, ET AL.

Decided January 12, 1901.

**1.—Claimant's Bond—Return of Property—Deterioration from Use.**

A claimant of property seized under judicial process who has, under the statute, given bond stipulating that if he fails to establish his right to the property he will return it "in as good condition as when he received it," or pay its value, is not entitled to have excluded from consideration a deterioration in the condition and value of the property resulting from reasonable wear and tear incident to its careful use while in his possession, since the statutory requirement as to the condition is an absolute one.

**2.—Same—Determining Condition of Property—Charge.**

Where the court had properly submitted the issue whether the property, when tendered back, was in as good condition as when claimant received it, a requested charge as to determining the condition of the property, not called for by the evidence and which could only have served to confuse the jury, was properly refused.

**3.—Same—Description of Property in Charge of Court.**

Where, in an action to enjoin a judgment for the value of an engine on the ground that plaintiff, as a statutory claimant thereof, had duly tendered back the

property itself, and the pleadings and evidence, to which no objections were made, described the engine as consisting of a carriage, boiler, and other parts, it was not error for the charge of court, in submitting the issue as to the condition of the engine when tendered back, to describe it by a specification of such parts.

Error from Collin.   Tried below before Hon. J. E. Dillard.

*McCormick & Spence,* for plaintiff in error.

*G. R. Smith* and *Abernathy & Beverly,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—Parlin & Orendorff Company filed its petition in the District Court of Collin County in January, 1898, against W. S. Coffey, sheriff of that county, and B. F. Houston, alleging, in substance, that on November 4, 1897, said B. F. Houston recovered a judgment against petitioner in a claimant's suit in which petitioner was claimant in the sum of $700, the value of an engine, with 10 per cent damages on said sum, and the judgment further found the value of the use of the engine while in the possession of the claimant to be $300.   A copy of the judgment was made a part of the petition.   No objection was made in the pleading to the judgment or its form.   The petition alleged that within ten days after the judgment was rendered, and on the 13th day of November, 1897, the plaintiff tendered to said W. S. Coffey, sheriff, the property mentioned in said judgment (a traction engine) in as good condition as the same was in when plaintiff received it, and also tendered $370, with interest thereon, and costs in the suit in which said judgment was rendered.   That the tender was refused by said sheriff.   That an execution had issued on said judgment, and had been levied by the sheriff on certain of plaintiff's property, and he was about to sell same.   Plaintiff prayed for an injunction pendente lite, to restrain said sale, and for a final judgment perpetuating same, and for costs and general relief.   An injunction was ordered, and issued.

Defendant W. S. Coffey answered, March 24, 1898, admitting all the allegations of the petition, except as to the condition of the property tendered, denying that the property when tendered was in as good condition as when received; adopting, on information and belief, the allegations of the answer of his codefendant, alleging that he was not willing to receive the property unless his codefendant would first authorize him to do so, and disclaiming any interest in the suit.

Defendant Houston answered also, on March 24, 1898, admitting the allegations of the petition, except as to the condition of the property when tendered; pointing out defects alleged to have existed therein when tendered; also alleging that the money tendered had been conditionally tendered on the machinery being also taken, and alleging that he or his attorney had notified plaintiff that the money tendered would be received as a credit; that he had instructed the sheriff not to receive the engine; that the injunction was sued out for delay, and asking for

damages equal to 10 per cent of his judgment. There was a verdict and judgment for defendant, from which plaintiff appeals.

Appellant's first assignment of error complains of the action of the court in refusing the following special charge requested by it: "You are instructed that in determining the condition of the property when tendered to the sheriff, you will not consider reasonable wear and tear, incident to the careful use of the property by claimant after execution of the claim bond and before November 4, 1897, as deterioration in the value of the property." The court refused to give the above charge, and upon this phase of the case charged the jury as follows: "The jury are instructed that if they believe from all the evidence before them that the steam engine, carriage, boiler, etc., was in as good condition when plaintiff tendered same to defendants as it was when plaintiff received the same, then it will be the duty of the jury to find in favor of the plaintiff. On the other hand, if the jury should believe from the evidence that said property was not in as good condition as it was when plaintiff received it, your verdict should be for defendants on this the main issue in the case."

The contention of the appellant is, that if the property when tendered back was in as good condition, reasonable wear and tear thereof resulting from careful use of the same excepted, then it meets the requirements of the statute. The statute prescribes the conditions of a claimant's bond as follows: "That the party making such claim, in case he fails to establish his right to such property, shall return the same to the office making the levy, or his successor, in as good condition as he received it, and shall also pay the reasonable value of the use, hire, increase, and fruits thereof from the date of such bond, or, in case it fails to so return said property and pay for the use of the same, he shall pay the plaintiff the value of said property, with legal interest thereon from the date of the bond, and shall also pay all damages and costs that may be awarded against him."

There are two conditions set out in the bond. The claimant may discharge his obligation by the performance of either of these conditions. He may return the property to the officer making the levy, or his successor, in as good condition as he received it, and pay to the officer the reasonable value of the use of said property; or, if he fails to do this, then the statute requires him to pay to plaintiff the value of the property, with legal interest thereon from the date of said bond, and also all damages and costs that may be awarded against him. Rev. Stats., art. 5288. His right to discharge the judgment by return of the property within ten days, and upon paying the damages and the value of the use of the property and costs and damages, is an absolute right. Willis v. Chowning, 90 Texas, 617.

It is further held that the judgment should fix the value of the use of the property, so as to enable the claimant, if he should wish to return the property in satisfaction of the judgment, to know what amount he

is required to pay for its use. Publishing Co. v. Hitson, 80 Texas, 233. The statute, however, requires that the property, when tendered back, shall be in as good condition as when the claimant received it. This is the condition upon which the claimant is permitted to satisfy the judgment by return of the property. The condition is absolute. It does not admit of the construction sought to be placed upon it by the plaintiff in error. We conclude that the court did not err in refusing the charge requested, and appellant's first assignment of error is over-ruled.

Appellant's second assignment of error complains of the refusal by the court of the following special charge requested by it: "In determining the relative condition at different times of the steam traction engine, consideration should be had of the machine as a whole. Such a machine consists of a number of parts which, disconnected with each other, are property, but are not, until assembled and placed in proper relation to each other, an engine." There was no error in refusing the above charge. The court, in its general charge, had explicitly submitted to the jury the true issue in the case, that is, whether the property when tendered back was in as good condition as when claimant received it. The requested charge was not called for by the evidence, and could only have served to confuse the jury.

There was no error in refusing special charge number 3, requested by the plaintiff in error and made the ground of its third assignment of error. Hence we overrule the third assignment.

Appellant's fourth assignment of error reads: "The court erred in charging the jury concerning the condition of the steam engine, car-riage, boiler, etc., because the only property claimed by the plaintiff, as shown by the claimant's bond and affidavit, was an *engine,* and the court, by including other articles in the charge, misled the jury, and imposed on plaintiff a liability greater than the law imposed, and a liability not supported by the pleadings or proof in the case."

The claimant's affidavit and bond described the property as "one Geiser engine, number 3881, engine Peerless." The petition in this suit describes the property as one engine. The answer speaks of the property as one engine, and sets up in detail the defects therein, which it was claimed showed that the same was not in as good condition as when received by the claimant. It was alleged that the boiler had been cracked, band wheel was gone, fire box was sprung, flue sheet sprung, steam gauge bursted, driver broken, part of traction wheel broken, etc. No objection was made to the pleading on the ground that the property was not sufficiently described, or that it was misdescribed. The evidence was admitted without objection which went to show that the engine was composed of different parts, that it had a carriage, boiler, steam engine, etc. The fact that the court, in charging the jury, described the property as steam engine, carriage, boiler, etc., in view of the record, could not have misled the jury. The parties have treated the carriage, boiler and steam gauge as parts of the engine. We conclude that there is no merit

in the fourth assignment, and the same is overruled. These remarks fairly dispose of appellant's fifth assignment of error, and the same is overruled.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*