1313.   BARNES, constable, for use, etc., *v.* VANDIVER *et al.*

1. Whether a cause of action pending in a justice's court is for an amount greater than $50 or not is to be determined by the summons and the cause of action attached thereto. It can not be inferred with any certainty that the claim of one who sues upon a forthcoming bond is limited to an amount exactly one half of the bond. Such a calculation would lose sight of both interest and costs.
2. One who defers the prosecution of his remedy under a forthcoming bond until after he has claimed the fund arising from a sale, under judicial process, of the property, the production of which the forthcoming bond was given to secure, is confined to his election and estopped to assert the invalidity of the sale, the proceeds of which he has claimed.

Action on bond—appeal, from Fulton superior court—Judge Ellis.   May 12, 1908.

Argued October 29,—Decided November 10, 1908.

*C. B. Rosser Jr.,* for plaintiff in error.

*James L. Key,* contra.

RUSSELL, J. This was a suit upon a forthcoming bond, in which the judge of the superior court directed a verdict for the defendant.. It appears, that a certain fi. fa., in favor of Duffell, which was issued upon the foreclosure of a laborer's lien, was levied upon personal property, including a soda fountain and fixtures, and that a claim was interposed by M. C. Vandiver, which was tried in a justice's court, and that thereafter the claimant foreclosed a mortgage, and the mortgáge fi. fa. was levied upon property included in the former levy, and upon other property, comprising a stock of goods; that a ten-day order was obtained from the judge of the superior court, and that the property described in the mortgage fi. fa. was sold thereunder. The claimant gave both a claim bond and a forthcoming bond; and, when the issue was found in favor of the plaintiff in fi. fa. and the property was not forthcoming, suit was instituted on the forthcoming bond. In the meantime, however, Duffell had placed his fi. fa. in the hands of the sheriff, by whom the mortgage fi. fa. had been levied, claiming a priority as to the proceeds of the sale, and, upon a rule brought against the sheriff, had accepted the portion of the fund awarded by the court to his fi. fa. Upon the suit on the forthcoming bond, in the justice's court, judgment was rendered in behalf of the plaintiff in fi. fa. for the balance after deducting the amount (received and credited upon his fi. fa.) which had been derived from the sale of the property under the mortgage fi. fa. From this judgment of the justice, the principal and his surety on the forthcoming bond appealed to the superior court.

1. In the superior court a motion was made to dismiss the appeal, upon the ground that, the amount involved being less than $50, the appeal should have been to a jury in the justice's court, and the superior court was without jurisdiction. The motion to dismiss was overruled, and exception is taken to this ruling. We think the court properly refused to dismiss the appeal. The question as to whether the superior court did or did not have jurisdiction was to be determined by the pleadings; and (regardless of what may have been the truth as to the facts) in the summons

the plaintiff sued for $70, as the amount of his damages due upon the breach of the bond. If he had been endamaged a lesser sum, he could have brought his action for a lesser amount. But upon appeal the case is an investigation de novo; and, disregarding what may have been the evidence or the finding in the justice's court, the action was one for an amount greater than $50. The language of §4142 of the Civil Code is, "where the sum *claimed* exceeds $50," etc. And under the ruling in *Singer Manufacturing Co.* v. *Martin,* 75 *Ga.* 570, "whether a case involves more than $50, and therefore can be appealed from a justice's court to the superior court, is to be determined from the summons and the cause of action thereto attached." In that case the amount claimed in the summons was $50, and no more; and the appeal was dismissed in the superior court, although the affidavit requiring bail alleged an additional sum of $36; Judge Hall holding that "the only pleading in a justice's court is a summons, to which the justice is required to attach a copy of the cause of action sued on. To this we must look, not only for the character, but the amount of the claim."

Counsel for the plaintiff in error insists that, as, under our ruling in *Smith* v. *Davis,* 3 *Ga. App.* 419 (60 S. E. 199), the levying officer is presumed to have done his duty and taken the bonds required by law, and as copies of the bonds are attached to the summons, it can be inferred that the amount of the plaintiff's claim was only $35. The argument is that, the law requiring a levying officer to take the forthcoming bond in double the value of the property levied on at the time of the levy, as estimated by him, and the claim bond being for double the amount of the execution levied, the plaintiff could not recover exceeding $35 principal, and the interest which might have accrued. It may be that this would be all that the plaintiff could have recovered, but it does not follow that it is all that he could have claimed or did claim. He would be entitled to recover any costs that might have accrued; and this amount was undetermined, and might, as a matter of fact, have carried plaintiff's claim for damages, due to the breach of the forthcoming bond, above $50. What was said by this court in *Southern Express Co.* v. *Briggs,* 1 *Ga. App.* 294 (57 S. E. 1066), with reference to a consideration of the evidence as well as of the summons, in determining the question of jurisdiction, had refer-

ence only to the duty devolving upon a court of review, and has no application to the provision of §4142, supra.

2. Upon the trial in the superior court, the defendants relied upon a plea of estoppel; and, upon the undisputed evidence in the case, the judge directed a verdict sustaining that plea. The evidence showed that after M. C. Vandiver had foreclosed his mortgage in the superior court and the mortgage fi. fa. had been levied on the property upon which Duffell's fi. fa. had been levied, and for the production of which the forthcoming bond was given, the judge of the superior court ordered that the property be sold on the premises, after advertising the same for ten days, and that the fund derived from the sale be held for distribution. Duffell was notified of the sale and participated in the distribution; but the amount paid upon his execution did not satisfy his claim. In view of this uncontradicted evidence, we think that he was estopped from proceeding upon the forthcoming bond, and that the judge did not err in directing the verdict in favor of the defendant. It may be, as contended, that the sale under the mortgage foreclosure was illegal; it may be that the mortgage given by the defendant in fi. fa. to his father was fraudulent; it may be that the counsel for the plaintiff relied upon the agreement with counsel for the defendant, in which it was stipulated that if no objection was made to the sale under the mortgage fi. fa., the whole of the plaintiff's laborer's lien would be satisfied, and that by such agreement he was kept away from the sale, and allowed an entire valuable stock of goods to be sold for the nominal sum of $100. All of this may be true, and yet it can have no bearing on the issue presented in the court below. The plaintiff had a forthcoming bond, and he had a right to rely upon it, to the exclusion of any other remedy or agreement; but, having placed his lien in the hands of the sheriff and demanded the proceeds of the sale, he will not be heard to say that that sale was illegal; and if it was a legal and valid sale, under the judgment of a court of competent jurisdiction which prevented the production of the property according to the terms of the forthcoming bond, the non-production of the property under these circumstances was excused.

In the argument much stress was laid on the agreement between the parties, by which the plaintiff was kept away from the sale. With regard to this it is only necessary to say that the result of

any breach of that agreement would afford the subject-matter of an entirely distinct cause of action. It can not be considered here, and it could not be considered in the court below, in an elucidation of issues presented by this record. Regardless of the antecedent motive or cause which may have induced the plaintiff's election (and which might support another action), he elected to pursue the proceeds of the sale of property, in the hands of the sheriff under the mortgage fi. fa., rather than the remedy afforded by suit on the forthcoming bond, and he is bound by his election.

*Judgment affirmed.*