### COX et al. v. JANES.

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1911.)

EXECUTION (§ 201*)—CLAIMANTS — RETURN — PROPERTY CLAIMED.

Under Rev. St. 1895, art. 5310, providing that, where property upon which execution has been levied, is claimed by a third person, and taken by him, and judgment has been rendered against such claimant, a return of the property in as good condition as received shall operate as a satisfaction of the judgment, claimants of property attached cannot discharge a judgment against themselves by an offer to return only a part of the property, and pay for the part which they had sold.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 201.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by R. T. Janes against Claude Cox and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

G. E. Smith, for appellants. Callaway & Callaway, for appellee.

RICE, J. On the 20th of April, 1909, appellant Cox obtained judgment in the district court of Comanche county for the sum of $1,213.36 against J. Hatley and J. B. Fielder. Thereafter, on the 30th of said month, he caused execution to be issued on said judgment, and levied upon a stock of drugs and druggist sundries, as the property of said J.

Hatley, situated in the town of Bibb, in said county. On the 4th of May thereafter, J. B. Green made claim thereto, executing affidavit and bond, as required by law, with R. T. Janes and J. C. Evans as sureties thereon, whereupon V. L. Jackson, the sheriff, released said property to said Green, the claimant, who took possession thereof; said officer making the proper return of the claimant's oath, bond, and writ to the district court, as required by law, where said case was duly filed and docketed. Thereafter, on the 20th of October, judgment was rendered therein by default against Green and his sureties for the value of said property, as fixed by the sheriff at the sum of $800, with legal interest thereon from the date of such bond. No appeal having been taken from said judgment, on the 1st of January thereafter said Cox caused execution to be issued thereon against Green and his sureties, which was placed in the hands of Jackson, the sheriff, for execution. Whereupon appellee, Janes, one of the sureties on said bond, and against whom judgment had been rendered, filed suit in the district court against Cox and Jackson, seeking to enjoin the levy of said execution upon his property, chiefly upon the ground that said judgment had been satisfied, in that he, in behalf of himself, Green, and his cosurety, Evans, had, within 10 days after the rendition of said judgment tendered said stock of drugs to the sheriff of said county in as good condition as when claimant received them, which tender was refused by said sheriff. Said writ was issued as prayed for, and served upon Cox and the sheriff, restraining them from further undertaking to collect said judgment. Appellants Cox and Jackson answered in said cause, denying that said stock of goods was ever tendered or returned by appellee to said sheriff, but that only a part thereof was tendered, for which reason he declined to accept the same. A trial of the issue thus presented was had, resulting in a verdict in behalf of appellee, and judgment was entered that the temporary injunction theretofore issued be made perpetual, from which this appeal is taken.

Appellants requested the court to peremptorily instruct the jury to return a verdict in their behalf, on the ground that the uncontradicted evidence showed that only a part and not all of the stock of drugs, if tendered at all, was tendered back by appellee to the sheriff in as good condition as when taken under the claimant's bond. As the refusal of this instruction goes to the merits of the controversy here raised, we think it only necessary, in the view we have taken of this case, to pass upon it, though there are several other assignments. We have carefully considered the entire evidence with the view of determining the question here presented, and, after so doing, we are

constrained to believe that the uncontradicted evidence, as claimed, shows that only a part of the property levied upon was tendered back to the sheriff. It appears that soon after the execution of the claimant's bond the stock of goods was exposed for sale by Green and the party to whom he sold them. It seems, according to the lowest estimate as fixed by the evidence, that at least $70 worth of the stock had been sold during the interim between the giving of the claimant's bond and the judgment thereon. And plaintiff himself testified that when he undertook to tender the property to the sheriff that said officer stated that he was willing to receive it, provided all of the goods were there, and that he admitted at that time that a lot of said goods had been sold off; that he could not return them all because of that fact, but that he was willing to pay the difference, damages, and costs, etc. There was other evidence tending to show that much more of the goods had been sold off than embraced in the estimate of $70.

Article 5310 of the Revised Civil Statutes of 1895, provides that in this class of cases, if within 10 days from the rendition of judgment against a claimant he shall return such property in as good condition as he received it, and pay for the use of the same, together with damages and costs, such delivery and payment shall operate as a satisfaction of such judgment. This statute is intended for the benefit of the claimant and his sureties, allowing them to discharge a judgment rendered against them by the return of the property in as good condition as when it was received, paying for its use, etc. Such being the case, it seems to us that they must bring themselves substantially within its provisions before they are entitled to its benefits. Can they do this by returning only a part of the property, offering to pay the value of the missing part, if any? We think not. The statute requiring a return of the property means, we think, the identical property itself, and nothing less than this will satisfy this requirement. This was held in Betterton v. Buck, 2 Willson, Civ. Cas. Ct. App. § 202. In Parlin & Orendorff Co. v. Coffey, 25 Tex. Civ. App. 218, 61 S. W. 512, where it was contended that if the property when tendered back was in as good condition, reasonable wear and tear thereof resulting from careful use excepted, then it met the requirements of the statute. Mr. Justice Bookout, discussing this feature of the case, said: "The statute, however, requires that that property when tendered back shall be in as good condition as when the claimant received it. This is the condition upon which the claimant is permitted to satisfy the judgment by return of the property. The condition is absolute; it does not admit of the construction sought to be placed upon it by the plaintiff in error."

In other jurisdictions cases have gone to judgment on forthcoming bonds, given in actions of replevin, in which it has been held that the obligors, in order to discharge the bond, must return the identical property which they have received. Hazlett v. Witherspoon (Miss.) 25 South. 150, and cases there cited; Binkley v. Dewall, 58 Pac. 1028; [1] 34 Cyc. 575. In Willis v. Chowning, 18 Tex. Civ. App. 625, 46 S. W. 45, it was suggested that a substantial compliance with the statute in this respect was sufficient. The facts, however, in that case were quite different from those in this with reference to this feature of the case. In the instant case, a substantial part of the stock of drugs had been disposed of by sale before the claimant offered to return them. Certainly it cannot be contended, under these conditions, that the claimant or his sureties would have the right to return the remainder and be entitled to a discharge, even though he should proffer to pay for the value of the articles sold.

Believing that the court erred in failing to give the special charge requested, the judgment is reversed and here rendered in behalf of appellants.

Reversed and rendered.

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 9 Kan. App. 891.