### 6869.　REDWINE BROTHERS *v.* STREET *et al.*

1. The rule that assignments of error based upon rulings on demurrers to the pleadings can not be reviewed by motion for a new trial is not only so ancient as to inspire respect, but so hoary with age as to compel reverence.

2. One who defers the prosecution of his remedy under a forthcoming bond until after he has claimed the fund arising from a sale, under judicial process, of the property the production of which the bond was given to secure, is confined to his election, and is estopped to assert the invalidity of the sale.

3. To recover upon a forthcoming bond, it is essential to show damages as well as a breach of the obligation, or, in other words, to show what damages resulted from the alleged breach.

4. The trial judge may give the reasons which influence him in the admission or exclusion of testimony, without expressing an opinion of what has been proved. Even though the judge, for the purpose indicated, recites or reviews some of the testimony already adduced, this is no violation of section 4863 of the Civil Code.

5. The fact that a tender of the property after the day fixed for the sale, or a tender of other property instead of that levied upon, will not serve to avoid liability upon a forthcoming bond, does not interfere with the defense of estoppel, where there is proof that there was a waiver of the obligation to produce the identical property at the time and place fixed for the sale. That there was such waiver can well be shown by the acceptance of funds with knowledge that they were derived from property sold in lieu of that for the production of which the forthcoming bond was given.

DECIDED MAY 18, 1916.

Action on bond; from city court of Greenville—Judge Revill. January 21, 1915.

*N. F. Culpepper, J. W. Culpepper,* for plaintiffs.

*McLaughlin & Jones, J. F. Hatchett,* for defendants.

RUSSELL, C. J. The fi. fa. which was the basis of the action now before us has heretofore been before this court. *Redwine* v. *Jarrell,* 14 *Ga. App.* 294 (80 S. E. 728). Upon the levy of the fi. fa. the defendant Street gave a forthcoming bond, with Clark and Crouch as his securities. The instant action is a suit for a breach of that bond. It appears that the defendants relied, among other defenses, upon a plea that the plaintiffs were estopped to set up a breach of the forthcoming bond, so far as certain seed-cotton included in the levy was concerned, and also upon the contention that even if there had been a breach, it had resulted in no damage to the plaintiffs in fi. fa., but that instead they were benefited by reason of the fact that the cotton embraced in the levy, and estimated to be about 175,500 pounds of seed-cotton ungathered in the field, was gathered and delivered to the sheriff as lint-cotton, ginned and baled, and that the seed had been separated therefrom and were in marketable form.

1. Amendments to the defendants' answer were permitted, to the allowance of which exceptions were taken in the bill of exceptions, but these exceptions must be treated as abandoned, since they are not referred to in the brief of counsel for the plaintiffs in error. It is argued in the brief that the court erred in overruling the first, second, and third grounds of the amendment to the motion for a new trial, in which exception is taken to the same rulings. But that assignments of error based upon rulings or demurrers to pleadings can not be reviewed by motion for a new trial is a rule so hoary with age that it not only inspires respect but compels reverence. *City of Dublin* v. *Dudley,* 2 *Ga. App.* 762 (59 S. E. 284).

2. The defenses of the principal and sureties upon the forth-coming bond, as they appear in the pleadings as amended, are sup-ported by testimony; and it does not appear that there was any sub-stantial error in the trial, or any sufficient reason for the grant of a new trial. Summarizing the contentions of the parties as they are delineated in the record, the execution of the plaintiffs was levied, among other things, on about 10,000 pounds of seed-cotton which was gathered, and about 175,500 pounds of seed-cotton in the field and not gathered, as well as upon certain corn, fodder, etc. The jury found the defendants liable on the forth-coming bond, for $201.50; and it is not insisted by the plaintiffs that this is not adequate compensation for any damages conse-quent upon the failure to produce the personalty other than the cottonseed which the makers of the bond failed to produce at the time and place of sale. The plaintiffs based their motion for a new trial upon the contention that they were entitled to recover, in addition to the sum awarded them as the value of other per-sonalty which the makers of the bond had failed to produce, so much of the value of the seed-cotton to which we have referred as might be sufficient to discharge the fi. fa. It was shown that no seed-cotton, as such, was ever delivered to the sheriff; but it also appears that the ungathered seed-cotton, which was levied upon, was gathered and ginned and delivered to the sheriff as baled lint-cotton and cottonseed. Without pretending to assert that the defendant in fi. fa. or his securities upon the bond had the right to alter the condition of the seed-cotton by transmuting it into baled cotton and cottonseed, the defendants proved that the plaintiffs had participated in the distribution of the funds raised by the sale of the cotton and cottonseed, and had acquiesced in the distribution made by the city court of Greenville, by accept-ing the distributive share awarded to them. The questions pre-sented by the various assignments of error contained in the twenty-one grounds of the amendment to the motion for a new trial are for the most part presentations, in one form or another, of the objection that the defendants could not plead that the plaintiffs were estopped to insist upon a breach of their bond, and that the defendants could not show by proof that no damage had resulted to the plaintiffs if the bond had been breached.

It is true that estoppels are not favored.  However, in *Barnes* v. *Vandiver,* 5 *Ga. App.* 162, 165 (62 S. E. 994), this court affirmed a judgment in a suit upon a forthcoming bond, in which the defendant relied upon a plea of estoppel, and where upon the undisputed evidence the judge directed a verdict sustaining that plea.  We held, in the second headnote of that decision, that "One who defers the prosecution of his remedy under a forthcoming bond until after he has claimed the fund arising from a sale, under judicial process, of the property the production of which the forthcoming bond was given to secure, is confined to his election and estopped to assert the invalidity of the sale, the proceeds of which he has claimed."  In the case at bar, as in the *Barnes* case, "the [plaintiffs] had a forthcoming bond, and  .  . had a right to rely upon it to the exclusion of any other remedy or agreement; but, having placed [their] liens in the hands of the sheriff and demanded the proceeds of the sale, [they] will not be heard to say that that sale was illegal," nor will the plaintiffs be heard to say, after having accepted a portion of the proceeds of certain cottonseed ginned from seed-cotton upon which the levy was made, and the proceeds of seed which they knew had been substituted in lieu of the seed originally levied upon, that this substitution of seed was illegal.  They insist that the filing of the sheriff's answer to a rule for distribution brought against him by another litigant, in which it was stated that their fi. fa. had been levied upon certain property in question, including the seed-cotton in the field, compelled them to intervene in the proceedings by rule, and that in their intervention they expressly disavowed any right or desire to participate in that portion of the fund raised by the sale of the cottonseed which they contended were not the cottonseed originally contained in the seed-cotton which was levied upon, but other cottonseed substituted therefor.  However, it appears from the proof, which we think was properly admitted in support of the plea of estoppel, that the plaintiffs, while protesting in their intervention that they disclaimed any lien upon the proceeds of the substituted seed, actually accepted, in accordance with the distribution made by the judge of the city court of Greenville, something more than $700 in part satisfaction of their fi. fa., which they must have known could not have come from any other source than the sale of the seed in which they had protested they

would not participate. If their protest had extended to a refusal to accept the $700 and more arising from the sale of the seed which had been taken in place of those which were no doubt disposed of in violation of the obligation of the bond, the plea of estoppel would have amounted to nothing. But under the facts in the record the disclaimer of the proceeds by the plaintiffs, as contained in their intervention in the previous rule, only puts them in the same category with Don Juan's inamorata, who, protesting she would "ne'er consent—consented." As was said in the *Barnes* case, supra, the plaintiffs had a forthcoming bond upon which they had a right to rely to the exclusion of any other right or remedy; and it is immaterial whether an action had been instituted upon the forthcoming bond at the time that they participated in the distribution under the rule.

3. That it is essential to a recovery upon a forthcoming bond to show damages as well as a breach of the obligation, or, in other words, to show what loss and damage resulted from the breach alleged, is elementary. Consequently, proof that no damage in fact resulted from an alleged breach of a forthcoming bond is a good defense to an action brought thereon. *Grace* v. *Finleyson,* 10 *Ga. App.* 480, 482 (73 S. E. 689). In view of what has already been said as to the various rulings upon the defense of estoppel presented in this case, a decision of the questions affecting the defendants' right to show that the plaintiffs were in fact not damaged by the separation of the lint-cotton from the seed, or by the substitution of one lot of cottonseed for another, is not of very great materiality. Nevertheless we have no hesitancy in holding that the trial judge did not err in allowing the defendants to plead that the plaintiffs suffered no damage in consequence of the alleged breach of the bond, nor in admitting testimony to that effect, nor in instructing the jury in effect that if they believed that no damage resulted from the particular breach alleged, the recovery in favor of the plaintiffs would be proportionately reduced. It is not necessary for us to hold that the charge of the court was entirely free from inaccurate expressions. The controlling issues in the case were those to which we have referred, and it is not apparent that there was any error of the court which prevented the jury from making a finding different from that rendered by them, or contributed to induce them to the conclusion which is expressed in their verdict.

4. In view of the explanatory note of the presiding judge, there is no merit in the fourth ground of the amendment to the motion for a new trial, in which it is insisted that the court, in the presence and hearing of the jury, intimated an opinion as to the evidence, in violation of § 4863 of the Civil Code. The judge was about to exclude, on his own motion, some of the testimony as to the value of certain cottonseed which had been exposed to sale by the sheriff under the levy of the plaintiffs' execution; and after the defendants' counsel had argued that the testimony which the court was about to exclude was relevant and competent, the judge in ruling upon the admissibility of the testimony, said: "That is another question. I think, so far as this case is concerned, it makes no difference whose seed they were. If they were sold as his seed and were bought and went into that fund, and he [meaning Redwine] got part of the benefit of it, I think that ends it." And when the plaintiffs' counsel, in response to this ruling, insisted that they absolutely disclaimed any other seed than the Street seed, and relied upon the fact that there could be no substitution of the precise property for the forthcoming of which the bond had been given, the judge replied, "Exactly; but if they are of the same value of seed, how are you hurt?" and thus impliedly confined the application of the testimony to the inquiry raised only by that portion of the defendants' answer in which it was insisted that even if there had been a breach of the bond, it had not been followed by loss to the plaintiffs. The mere expression by the judge of reasons which influence him in the admission or rejection of the testimony, upon the competency and relevancy of which he is required to pass, is not violative of the provisions of § 4863 of the Civil Code, unless the language used includes a statement or intimation that some pertinent fact has or has not been proved, or unless it is probable that the jury will derive such an impression from the utterance.

5. Conceding, as insisted by counsel for the plaintiffs, that a tender of the property after the day fixed for the sale, or a tender of other property as a substitute for that levied upon, although it may be of greater value, will not serve to avoid liability upon the obligation, and conceding further (as is undoubtedly true) that proof of a failure to deliver the property for the production of which the bond was given, at the time and place fixed in the

advertisement of the sale, makes a prima facie case entitling the plaintiffs to a recovery in an amount equal to the proved value of the property, unless the property was of greater value than the amount of the fi. fa., the obligors in a forthcoming bond may nevertheless insist that there has been such a waiver of the requirements to produce the identical property levied upon as will amount to an estoppel. Or an acceptance of funds derived from other property, substituted for that which was levied upon, may raise such an implication of consent to the substitution as to estop the plaintiffs in fi. fa. from asserting that the production of other property in lieu of that which was levied upon did not prevent a breach of the bond. In a suit upon a forthcoming bond the defendant has the right to rebut proof which prima facie entitles the plaintiff to recover, either (as pointed out in *Grace* v. *Finleyson,* supra) by proof that the breach of the bond did not result in damage, or by showing that the damage which the plaintiff suffered, if any, proceeded from the fact that plaintiff elected some means of collecting his fi. fa. other than that secured to him by the provisions of the forthcoming bond. In the present case the evidence being sufficient to sustain the defendants' plea, the exercise of the discretion of the trial judge in overruling the motion for a new trial case will not be disturbed.

*Judgment affirmed.*