DECIDED OCTOBER 28, 1932.

### 22339.   GAY *et al. v.* BROWN.

DECIDED OCTOBER 28, 1932.

*Howell Brooke,* for plaintiffs in error.   *A. J. Henderson,* contra.

SUTTON, J.   Brown instituted garnishment proceedings in the justice's court of the 971st dist., G. M., of Cherokee county against Cochran, stating in his affidavit therefor that the defendant was "indebted to him in the sum of" $49.60 "principal and costs" upon a suit pending against the defendant in the justice's court of the 1008th dist., G. M., of said county.   The garnishees filed separate answers, in which they set up that they were not indebted to the defendant in any sum whatsoever.   The plaintiff traversed the

answers. On the hearing of the traverse it appeared that the plaintiff obtained a judgment against the defendant in the justice's court of the 1008th dist., G. M., for $49.60 principal and $2.75 costs of court. After hearing evidence the justice of the peace rendered judgment in favor of the plaintiff and against the garnishees for $52.35 principal and $8.15 costs in the garnishment proceedings. The garnishees appealed from this judgment to a jury in the superior court, which court dismissed the appeal on the ground that the amount involved was less than $50. To this judgment the garnishees except.

1. In all civil cases tried and determined by a justice of the peace, where the sum claimed is more than $50, either party may, as a matter of right, enter an appeal to the superior court. Civil Code (1910), § 4998. It necessarily follows that where·the amount in controversy is $50 or less, an appeal will not lie as a matter of right. *DeLamar* v. *Dollar,* 128 *Ga.* 57, 1 *Ga. App.* 587, 688 (57 S. E. 85).

2. The appeal in this case is from the judgment finding against the garnishees $52.35 principal and $8.15 costs. The amount claimed by the plaintiff in the garnishment proceedings was $49.60 and costs in the suit in the justice's court wherein suit was instituted and judgment obtained against the defendant. Therefore, the amount in controversy between the garnishees, the appellants, and the plaintiff, the appellee, was $52.35, and the judge of the superior court erred in dismissing the appeal as being an appeal in a controversy involving $50 or less. The amount claimed determines the right of appeal. *Barnes* v. *Vandiver,* 5 *Ga. App.* 162 (62 S. E. 994); *Singer Manufacturing Co.* v. *Martin,* 75 *Ga.* 570; *Bell* v. *Davis,* 93 *Ga.* 233 (18 S. E. 647); *Hart* v. *Gordon,* 8 *Ga. App.* 825 (70 S. E. 193). Also see *Dykes* v. *Woolsey,* 62 *Ga.* 608, 611; 3 C. J. 411, 430, §§ 207, 251.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*