· WARREN *v.* BLEVINS.

Where, in an action for the recovery of land, the parties went to trial, not.upon the whole case, but upon the single question of the jurisdiction of the court, the same depending upon whether any part of the premises lay in the county in which the action was brought, and the jury found in favor of the plaintiff, and the defendant, without making a motion for a new trial, brought a writ of error upon various rulings of the court made during the progress of the trial, the reversal of none of which would operate to terminate the case but would leave it still pending in the court below, the writ of error was premature, and for that reason is dismissed, with direction that the plaintiff in error be allowed to enter his bill of exceptions on the minutes of the court below as exceptions taken *pendente lite.*

July 30, 1894.

Practice in Supreme Court.

H. P. LUMPKIN and R. J. & J. McCAMY, for plaintiff in error. McCUTCHEN & SHUMATE, *contra.*

LUMPKIN, Justice.

An action of ejectment was brought by Blevins against Warren in the superior court of Dade county. The defendant filed a plea alleging that the court had no jurisdiction over the subject-matter of the suit, for the reason that the land sued for lay in Walker county, and that the superior court of that county alone had jurisdiction of the case. The parties went to trial upon the single question of the jurisdiction of the court, and upon this issue the jury found for the plaintiff; but there was no recovery by him of the premises in dispute, and for this reason the main case is still pending in the court below. Without moving for a new trial, the defendant sued out a bill of exceptions alleging error upon various rulings made by the court during the progress of the trial. After a careful examination of these rulings, we find that the reversal of none of them would operate to make a final termination of the case. For this reason, the writ of

error, under section 4250 of the code, was prematurely brought, and must be dismissed.

For the purpose, however, of allowing the defendant to take advantage of the exceptions he has made, in the event it should in the end become necessary for him to do so, we have directed that he be allowed to enter his bill of exceptions on the minutes of the court below as exceptions taken *pendente lite*. We do not mean to say that these exceptions are meritorious, or that they are not. We give the direction indicated, simply for the purpose of preserving the rights of the defendant until the final hearing, this being, in our judgment, under the circumstances, a proper disposition to make of this case.　　　*Writ of error dismissed, with direction.*