### ROSS *v.* MERCER.

Where the only questions presented for review by this court arise upon rulings by the court below on the trial of an issue raised by a special plea to the jurisdiction, which was not sustained by the verdict thereon returned, and it appears that neither a reversal of any one or more of such rulings nor a setting aside of such verdict would operate to terminate the main case, but would leave the same still pending, the writ of error is premature and must be dismissed.

Submitted March 1,—Decided April 26, 1902.

23

115　353
Case 2
115　356

115　353
Case 2
117　138

115　353
Case 2
120　543

115　353
Case 2
128　370

Motion to dismiss the writ of error.

*Marion W. Harris* and *Glawson & Fowler*, for plaintiff in error. *Hardeman, Davis, Turner & Jones*, contra.

LUMPKIN, P. J.    A proceeding was instituted in the city court of Macon by Mercer against Mrs. Ross, to revive a dormant judgment.    The case came on for a hearing during the regular June term of that court.    " The defendant had, at the first and appearance term of the court, filed a plea to the jurisdiction," and " the issue which came on to be heard as aforesaid was this plea to the jurisdiction, other pleas being simultaneously filed, and a special issue made on [the] plea to the jurisdiction, the other issues not being tried."    Upon this special issue the jury, under the direction of the court, returned a verdict in favor of the plaintiff.    Thereupon Mrs. Ross sued out a bill of exceptions, assigning error upon the action of the court in directing the verdict, and upon various rulings made during the progress of the trial.    Counsel for the defendant in error filed in this court a motion to dismiss the writ of error, on the ground that the bill of exceptions was prematurely sued out, no final judgment having been rendered in the main case.    The ruling of this court in the case of *Warren* v. *Blivens*, 94 *Ga.* 215, is directly in point and absolutely controlling upon the question presented by the motion to dismiss.    It was contended by counsel for the plaintiff in error that Mrs. Ross had the right to bring the case here under the Civil Code, § 5526, because, as insisted, the "judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause."    Manifestly, this position is untenable.    The only judgment which could have been entered upon the verdict returned on the special issue was that the court had jurisdiction, and that the trial on the main case should accordingly proceed.    Even if a verdict sustaining the plea to the jurisdiction had been rendered, the main case would not have been at an end, for it would still have been incumbent upon the court to enter in that case a judgment of dismissal.

In the brief of counsel for the plaintiff in error, a request is made that, in the event this court should hold the motion to dismiss the writ of error well taken, leave be granted to file a copy of the present bill of exceptions, as exceptions pendente lite, in the court below.    We do not think, under the circumstances, that this request

should be granted.   In the case of *United Glass Co.* v. *McConnell,* 110 *Ga.* 617, it was ruled that "When in a given case it would have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite." And see *Harvey* v. *Bowles,* 112 *Ga.* 422, and *Berryman* v. *Haden,* Id. 752.   In the latter case the following ruling was made: "This court will not allow a party bringing a case here before it had gone to final judgment in the trial court to file in that court, as exceptions pendente lite, the official copy of the original bill of exceptions, when a due regard to the settled rules of practice would have enabled such party to preserve for final review all exceptions to interlocutory rulings, by filing, at the proper time, exceptions pendente lite in the court below."

*Writ of error dismissed.   All the Justices concurring, except Lewis, J., absent.*