*Trawick & Ault,* contra.

---

2259.    HANJARAS *et al. v.* KILPATRICK, for use, etc.

1. The motion to dismiss the writ of error is not well taken. Where the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case, a writ of error will lie, although the case might not have been disposed of in the trial court. Civil Code, § 5526.

2. In an action brought to recover damages arising upon the breach of a forthcoming bond, it is the amount claimed to be due, and not the amount stated in the forthcoming bond, which determines whether a justice's court has jurisdiction. In a case where the damages claimed to be due by reason of the breach of a forthcoming bond are less than $100, a justice's court has jurisdiction, although the penalty fixed in the bond may exceed $100.

Appeal; from Fulton superior court—Judge Pendleton. September 27, 1909.

Argued December 21, 1909.—Decided February 22, 1910.

*A. E. Wilson,* for plaintiffs in error.    *Walter A. Sims,* contra.

RUSSELL, J. This was a suit in a justice's court, to recover damages for a breach of a forthcoming bond. The case was appealed to the superior court, and a motion was made there to dismiss the suit, upon the ground that the original summons and the bond showed that the justice's court had no jurisdiction. The judge of the superior court overruled this motion, and a direct bill of exceptions was sued out. It does not appear whether the case has been finally disposed of in the superior court.

1. The motion to dismiss the writ of error is not well taken. By the terms of the Civil Code, § 5526, a special exception is made as to those rulings of the trial court upon motions which would have effected a final disposition of the cause if the judge had ruled as it is insisted by the complaining party he should have ruled. In the present case a final disposition of the case would have been effected if the court had sustained the motion of the plaintiffs in error to dismiss the action for want of jurisdiction; and for this reason they are entitled to prosecute a writ of error. This rule is so well settled that citation of the numerous cases in the Supreme Court, and of several in this court, in which it has been stated is deemed unnecessary.

2. The judge of the superior court ruled correctly in refusing to sustain the defendant's motion to dismiss the suit upon the ground that the justice's court was without jurisdiction. The motion was predicated upon the fact that the forthcoming bond, attached to the summons, was in the penal sum of $140. If the summons and the bond had constituted the whole of the plaintiff's pleadings, the motion to dismiss should have been sustained. But such is not the case. It is true that the bond is attached to the summons, but it follows an exhibited statement of the plaintiff's demand, which shows that the amount claimed is less than $100; and the bond is set out merely for the purpose of showing the basis of the defendant's claim for damages. In other words, the action is not one to recover the penalty of the bond, but is for the recovery of damages alleged to have been suffered by reason of the breach of the bond; and the damages claimed as the result of the breach

(and all that is claimed) amount to less than $100. The summons requires the defendants to answer the plaintiff's demand in an action of "debt" due by bond; but immediately following the summons, and attached thereto, is a "bill of particulars," which is as follows: "Jas. Hanjaras, as principal, and Renfroe Jackson, security on the bond, a copy of which is hereto attached. To J. T. Kilpatrick, L. C., who sues for the use of Clark & Stewart, Dr. June 21, 1909. To damages caused by breach of said bond, as follows: Principal, $68.92; int. 7% from 3/10/09 to date, $1.22." It is therefore plainly apparent that while the word "debt" is used in the summons, instead of "damages," and while a copy of the bond is attached, the bond is really attached as a mere exhibit; and the bill of particulars expressly states that what is claimed by the plaintiff is the damages caused by the breach of the bond, and that the damages claimed amount to $68.92, besides $1.22 interest. If the amount claimed as damages due to the breach of the bond had exceeded $100, the justice's court would have been without jurisdiction, but inasmuch as the damages sued for are less than $100, and it so appears from the statement of the case, attached to the summons, the judge of the superior court properly refused to sustain the motion to dismiss. It is the amount claimed as damages resultant upon the breach of the forthcoming bond, and not the penal sum named in the bond, which fixes jurisdiction. The point was ruled in *Bowden* v. *Taylor*, 81 *Ga.* 199 (6 S. E. 277), in which Justice Simmons, delivering the opinion of the court, said: "While the suit was brought on the bond for $300, the amount sued for in the justice's court was less than $100, and not $300, the full amount of the bond. This being true, of course it was within the jurisdiction of the justice's court." That decision was cited and followed in *Griffith* v. *Elder*, 110 *Ga.* 435 (35 S. E. 641), and in *Jennings* v. *Stripling*, 127 *Ga.* 783 (56 S. E. 1026). See also *Barnes* v. *Vandiver*, 5 *Ga. App.* 162 (62 S. E. 994), where the same principle is discussed. The motion to dismiss was properly overruled, because it clearly appeared, from the summons and the cause of action attached thereto, that the damages claimed by reason of the breach of the bond were less than $100.          *Judgment affirmed.*