*H. A. Allen, Hooper & Hooper,* and *W. C. Munday* for defendants.

---

DOUGLAS *v.* HARDIN, administratrix, *et al.*

The direction of a verdict finding against a plea of res adjudicata is not such a final judgment as is subject to review by direct bill of exceptions. The ruling may be excepted to by exceptions pendente lite, upon which error may be assigned in a bill of exceptions containing an exception to a final judgment; but the error alleged to have been committed can not be reviewed in the Supreme Court until there has been a final judgment in the lower court, because this court is without jurisdiction until there has been a final judgment upon the petition to which the plea was addressed.

No. 5422.  FEBRUARY 15, 1927.

Ejectment.  Before Judge E. D. Thomas.  Fulton superior court. March 8, 1926.

*Lee Douglas,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

RUSSELL, C. J.  There is a motion to dismiss the writ of error, because there has been no final judgment.  The motion must be sustained, because, until there has been a final judgment in the lower court, this court is without jurisdiction to deal with the subject-matter.  Irrespective of the pendency of any previous litigation, and without reference to the question of costs, the rule is inflexible that only exceptions pendente lite can be filed unless there has been a final judgment disposing of the case adversely to the party who seeks a writ of error, or a refusal of the court to render a judgment in his favor, which, if it had been so rendered, would have been a conclusion of the issue.  In the case at bar the court directed a verdict against a plea of res adjudicata.  This left the plaintiff's case still pending in the court for trial, and consequently was not a final judgment.  If there had been a ver-

Appeal and Error, 3 C. J. p. 433, n. 7; p. 441, n. 45; p. 443, n. 59; p. 461, n. 59; p. 492, n. 57; p. 494, n. 87, 89.

dict sustaining the plea in abatement, there would have been no final judgment; for it would still have been necessary for the court to enter an order dismissing the plaintiff's case, to which exception should be taken. *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047). As held by Mr. Justice Lumpkin in *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772) : "1. Save as to cases specially provided for by law (such as exception to the grant or refusal of an injunction, or the appointment or refusal to appoint a receiver), no case can be brought to this court by bill of exceptions, so long as the same is pending in the court below, unless the decision complained of would have been a final disposition of the case, had it been rendered as the excepting party claims that it should have been. Civil Code [1895], § 5526. 2. Striking an imperfect plea to the jurisdiction filed by the sole defendant, and rejecting an amendment thereto, is not a final judgment, and does not dispose of the case; nor would it have done so had the amendment been allowed and the motion to strike been overruled. 3. Where exception was taken to such a ruling, and it appears from the bill of exceptions that, after the plea to the jurisdiction had been stricken, the case was continued in order to allow the decision to be brought to this court for review, this was an interlocutory ruling, leaving the case still pending; and the writ of error will be dismissed." The foregoing headnotes in the *Baldwin* case rule upon all of the contentions of counsel for plaintiff in error.

Authorities in support of the proposition that the judgment of the lower court in directing a verdict against the defendant's plea in this case is a mere interlocutory proceeding, not subject to direct review by this court, might be indefinitely multiplied. We have cited the *Baldwin* case because its language is peculiarly clear and apt, and because the opinion was delivered by Mr. Justice Lumpkin, who less than three months previously had delivered the opinion of this court in *Lyndon's* case, supra, in response to questions certified by the Court of Appeals, of which the writer was at that time a member, and he gave the entire subject most exhaustive study and consideration, reviewing in *Lyndon's* case all conflicting and contradictory decisions with reference to causes reviewable in this court by direct bill of exceptions. A variety of opinion had thrown the subject into confusion, which was cleared and dis-

sipated by the decision in the *Lyndon* case. But even prior to that time, in *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594), Mr. Presiding Justice Lumpkin, citing *Warren* y. *Blivens,* 94 *Ga.* 215 (21 S. E. 459), pointed out the reason why a judgment merely affecting the plea of the defendant is not a final disposition of a cause. He said: "It was contended by counsel for the plaintiff in error that Mrs. Ross had the right to bring the case here, under the Civil Code, § 5526, because, as insisted, the 'judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause.' Manifestly this position is untenable. The only judgment which could have been entered upon the verdict returned on the special issue was that the court had jurisdiction, and that the trial on the main case should accordingly proceed. Even if a verdict sustaining the plea to the jurisdiction had been rendered, the main case would not have been at an end, for it would still have been incumbent upon the court to enter in that case a judgment of dismissal."

Among cases which will be found to support the ruling in the headnote are *Johnson* v. *Merchants &c. Bank,* 141 *Ga.* 721 (81 S. E. 873); *City of Tallapoosa* v. *Brock,* 143 *Ga.* 599 (85 S. E. 755), and cit.; *W. & A. R. Co.* v. *Williams,* 146 *Ga.* 27 (90 S. E. 478); *Burkhalter* v. *Roach,* 145 *Ga.* 834 (90 S. E. 52); *Murphy* v. *Murphy,* 147 *Ga.* 175 (93 S. E. 89).

*Writ of error dismissed.    All the Justices concur.*