## 18386.   CONE *v.* HUNTER.

JENKINS, P. J.   1. A judgment sustaining a demurrer to a plea to the jurisdiction is not a final judgment. *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 717). Where a general demurrer to a petition is overruled, and the defendant takes the case to the Court of Appeals by bill of exceptions assigning error upon that ruling, he can not also properly assign error upon an interlocutory judgment sustaining a demurrer to his plea to the jurisdiction. *Turner* v. *Camp,* 110 *Ga.* 631 (2), 632 (36 S. E. 76) ; *Cox* v. *Hardee,* 135 *Ga.* 80 (5), 90 (68 S. E. 932) ; *Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500) ; *Thomas* v. *Berry,* 151 *Ga.* 7 (4) (105 S. E. 478). See also *Douglas* v. *Hardin,* 163 *Ga.* 643 (136 S. E. 793). Accordingly, the assignment of error as to the judgment sustaining the demurrer to the plea to the jurisdiction can not be considered.

2. Although time is not generally of the essence of a contract, it may become so by express stipulation or reasonable construction (Civil Code of 1910, § 4268 (8) ), and it is competent for the parties to a series of promissory notes, maturing monthly through several years, to provide that in case of default in the payment of any two of them, and a continuation of such default for a specified period, the entire series shall, at the option of the holder thereof, become due and collectible. *Kilcrease* v. *Johnson,* 85 *Ga.* 600 (11 S. E. 870) ; *Stocking* v. *Moury,* 128 *Ga.* 414 (57 S. E. 704). Such a provision may be contained in a deed executed contemporaneously with the notes as security for their payment, and the stipulation is enforceable though the notes be silent as to it. *Jones* v. *Norton,* 9 *Ga. App.* 333 (71 S. E. 687). Accordingly, where the payee of such a series of notes, who was also the grantee in a deed executed to secure their payment, indorsed them to a third person, to whom he transferred his title and interest under the deed, the transferee, on default in payment of the notes as provided for by the deed, and on his exercise of the option to declare all the remaining unpaid notes due, could proceed to enforce their collection as against the payee and grantee; and the suit was not demurrable as being prematurely brought.

3. The petition having alleged that eight of the series of notes sued on were past due more than the period provided for by the contract, and having set forth the plaintiff's exercise of his option, the demurrer upon the ground that the suit was prematurely brought was properly overruled.

4. Permission is given that the official copy of the exceptions assigning

error upon the judgment sustaining the demurrer to the plea to the jurisdiction be filed as exceptions pendente lite.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 16, 1928.

Horton Brothers & Peek, Morris Macks, for plaintiff in error.
Madison Richardson, contra.