## 20565. MIMS, executor, *v.* GOETTE.

JENKINS, P. J. A verdict finding against or in favor of a special plea to the jurisdiction of the court is not a final disposition of the case, since even if a verdict sustaining the plea to the jurisdiction was rendered, "the main case would not have been at an end, for it would still have been incumbent upon the court to enter in that case a judgment of dismissal." *Ross* v. *Mercer*, 115 *Ga.* 353, 354 (41 S. E. 594); *Douglas* v. *Hardin*, 163 *Ga.* 643, 645 (136 S. E. 793). Likewise, a judgment sus-

taining a demurrer to a plea to the jurisdiction is not a final judgment. *Baldwin* v. *Lowe*, 129 *Ga.* 711 (59 S. E. 717). In the instant case, where the exceptions taken were to the action of the court in setting aside a verdict in favor of a plea to the jurisdiction and granting a new trial therein, and in thereafter dismissing the plea to the jurisdiction as insufficient in law, under the rulings above cited the writ of error is premature, and the motion to dismiss must be granted. See, in this connection, *City of Tallapoosa* v. *Brock*, 143 *Ga.* 599 (85 S. E. 755); *English* v. *Rosenkrantz*, 150 *Ga.* 745 (105 S. E. 292); *Cone* v. *Hunter*, 38 *Ga. App.* 45 (142 S. E. 468).

> *Writ of error dismissed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 13, 1931.

*Olin T. Lester, Charles W. Anderson,* for plaintiff.
*Lawrence S. Camp, Lester C. Dickson,* for defendant.