## 21447. Sewell *v.* C. I. T. Corporation.

Broyles, C. J. 1. "The rule that the bringing of a suit in trover by a vendor of property who has reserved title thereto in himself until payment of the purchase-price, *and his election to take the property itself*, and his recovery of it, amount to a rescission of the contract of purchase, and that there can be no subsequent action for any further recovery, is not applicable to a case where the contract of sale contains a provision that if the note given for the purchase-price of the property is not paid at maturity, the vendor is authorized to repossess himself of the property, to sell it for cash at public outcry, and to credit the proceeds from the sale on the note; and where the vendor, upon the failure of the vendee to pay the note at maturity, and upon the refusal of the vendee to give up the property, brings a suit in trover for the sole purpose of obtaining possession of the property, in order that he may sell it and credit the proceeds of the sale on the note, and where, prior to the hearing of the trover suit, the vendee returns the property to the vendor, and the vendor sells it at public outcry and credits the proceeds of the sale on the purchase-money note." *Pannell v. McGarity,* 27 *Ga. App.* 71 (107 S. E. 352) ; *Fulghum* v. *General Motors Acceptance Cor.,* 30 *Ga. App.* 609 (118 S. E. 600). The decisions in *Glisson* v. *Heggie,* 105 *Ga.* 30 (31 S. E. 118), and the other cases cited by counsel for the plaintiff in error, are distinguishable, by the particular facts of those cases, from the above-stated ruling, and the request of counsel for the plaintiff in error, that the decisions in the *Pannell* and *Fulghum* cases, supra, be reviewed and overruled, is denied.

2. "Time is not generally of the essence of a contract; but by express stipulation or *reasonable construction* (italics ours), it may become so." Civil Code (1910), § 4268 (8) ; *Cone* v. *Hunter,* 38 *Ga. App.* 45 (2) (142 S. E. 468). Under the ruling in the *Cone* case and the facts of the instant case, time was of the essence of the contract here involved.

3. This court, in *Young* v. *Durham,* 15 *Ga. App.* 678 (2) (84 S. E. 165) held: "Where one sells to another personal property, under a retention-of-title contract, for a fixed sum, which the seller agrees to accept in installments of $2 per week, the contract is executed as to the seller; and the failure of the purchaser to pay some of the agreed installments when due, or the further fact that the seller, on more than one occasion and without any express agreement to modify the original contract, or additional consideration moving him to do so, accepts from the purchaser several payments of $1 only, would not be such a departure from the terms of the contract as to necessitate notice from the vendor to the vendee of the intention of the former to rely upon the exact terms of the original contract relating to payments (Civil Code, § 4227),

as a condition precedent to the bringing of a suit in trover to recover the property. Especially is this true where, as in this case, the undisputed evidence shows that the *entire* balance of the purchase-price was long past due before the suit was filed, even had the defendant paid at the rate of $1 per week only until the debt was satisfied. According to the verdict, $34 was still unpaid, and this amount was long past due (either at the rate of $1 or $2 per week) before the suit was brought— more than three years after the making of the contract." Under the principle of that ruling and the facts of the instant case, there was no such departure by the plaintiff corporation from the terms of the contract as to require the giving of notice by it to the defendant of its intention to rely on the exact terms of the contract.

4. Under all the facts of the case it does not appear that the trial judge erred in overruling the demurrer to the amendment to the₊original petition.

5. The above-stated rulings are controlling in the case, and the judge did not err in striking the defendant's amended answer and plea of set-off, or in directing a verdict in favor of the plaintiff for the court costs.

6. The overruling of the certiorari was not error for any reason assigned.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JULY 15, 1931. REHEARING DENIED SEPTEMBER 4, 1931.

*T. B. Higdon,* for plaintiff in error.
*Randolph & Woodruff,* contra.