### 22802. DICKERSON *v.* UNIVERSAL CREDIT COMPANY.

MACINTYRE, J. 1. Where a vendor sells an automobile to be paid for in installments by the vendee, and enters into a written contract with the vendee retaining the title to the property, with a stipulation in the contract that, if any of the installments are not paid, the vendor shall have the right to take possession of the property and sell the same at public or private sale, with a further stipulation that the proceeds of the sale shall be applied to the amount due the vendor and any surplus shall be paid over to the purchaser, and a further stipulation that the repossession or retaking of the property by the vendor, temporary or otherwise, or sale thereof pursuant to the terms of the contract, shall not operate to release the purchaser; and where the vendee defaults in one of the payments and the vendor brings an action of trover, electing to take the property itself for the sole purpose of enforcing the special terms of the contract, the vendor may sell the automobile and credit the proceeds on the purchase-money due him. In such a case the repossession of the property is for the purpose of enforcing the special terms of the agreement, and does not have the same effect as if the trover suit were brought to assert general title.

2. Where, on failure of the purchaser to meet installments, the vendor brings a trover suit to assert general title, electing to take the property, he has a right independently of the contract to its possession; and a trover suit being thus brought, the conditional contract of sale is rescinded, and the purchaser has a right to the return of so much of the purchase-price as has been paid, less a sum covering reasonable rental and deterioration over and above natural wear and tear. In such a case the vendor is not undertaking to treat the contract as in force, but treats it as rescinded and ended. *Enterprise Distributing Cor.* v. *Zalkin*, 154 Ga. 97, 107 (113 S. E. 409), and cit.; *Jones* v. *Williams*, 40 Ga. App. 819 (151 S. E. 695). In this case, where the sole purpose of retaking possession of the property was to sell it and to apply the proceeds on the purchase-money, and this was done under and in pursuance of the authority in the contract, the vendor would not be rescinding the contract, but would be undertaking to have it enforced; and there could be a subsequent action for the recovery of the balance due, if any. Hence the vendor was not required to surrender the original note and contract in order to recover. *Wilmerding* v. *Rhodes-Haverty Furniture Co.*, 122

*Ga.* 312 (50 S. E. 100) ; *Pannell* v. *McGarity,* 27 *Ga. App.* 71 (107 S. E. 352) ; *Fulghum* v. *General Motors Acceptance Cor.,* 30 *Ga. App.* 609 (118 S. E. 600) ; *Sewell* v. *C. I. T. Cor.,* 43 *Ga. App.* 676 (160 S. E. 99) ; *Taylor Iron Works & Supply Co.* v. *Everett,* 40 *Ga. App.* 683 (150 S. E. 855).

3. Where the vendee told the vendor that if he could not give him a few days time to meet the defaulted payment, he would have to take up the car, and later, while the vendee was absent from his office, the agent of the vendor took the keys from the vendee's desk and drove the car away, and the vendee, within a few hours, telephoned the superior officer of the agent, complaining of this act, and the superior officer thereupon had the car returned to the place from which it had been taken and the keys left upon the desk of the vendee during the vendee's absence, and the vendee claimed that he had not accepted the return of the car, but had taken it home and put it in his garage for safe-keeping only, and so kept it until the present trover suit was brought and the car was seized, the judge, trying the case without a jury, was authorized to find that the vendee had accepted the return of the car.

4. Where the defendant is in possession of the property when an action for trover is brought, and in his answer denies the averment of the plaintiff's title as contained in the petition, it is not necessary to prove any conversion of the property. Civil Code (1910), § 4483; *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (3) (118 S. E. 478).

5. Under the foregoing rulings and the facts of the instant case, the court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 14, 1933.

*T. J. Lewis, W. O. Slate,* for plaintiff in error.
*Harry S. McCowen,* contra.