WILLIAMS *v.* MANN.

No. 12770. JUNE 14, 1939.

*Carlton C. McCamy,* for plaintiff in error.
*W. E. & W. G. Mann,* contra.

DUCKWORTH, Justice. Duvall Williams filed in Whitfield superior court at the July term, 1927, a petition for habeas corpus, against Mrs. Irene Barrick Mann, seeking custody of a minor child, Richard Williams. Judgment was rendered, awarding custody to the defendant until the minor attained the age of eleven, and to the plaintiff thereafter; providing that the minor should spend fixed periods of time with the other party; and requiring the plaintiff to contribute fixed sums to the support of the minor, and plaintiff to give bond in the sum of $2,000 to insure full compliance with the judgment. In December, 1938, Mrs. Irene Barrick Mann filed suit in Whitfield superior court against Duvall Williams, and against B. A. Tyler, surety on the bond in the habeas-corpus proceeding, alleging that Williams resided in the State of Florida, praying that service be perfected upon him by serving his attorney, Carlton C. McCamy, and making certain allegations on which it was prayed that the plaintiff have judgment against the defendants for $2,000 on the bond given in the habeas-corpus proceeding, that a receiver be appointed to take charge of properties belonging to defendant Williams in the State of Illinois, and a diamond held by him in trust for Richard Williams; that defendant Williams be required to send Richard Williams to college; and that he be adjudged in contempt of court for non-compliance with the judgment in the habeas-corpus proceeding. Defendant Williams made a special appearance, expressly reserving all rights, and moved to dismiss the petition upon the ground that it showed on its face that he was a resident of Florida, and that the court was without jurisdiction; and upon the further ground that no service upon him had been effected, as shown by the record, and that there was no prayer for perfecting service upon him in a manner prescribed by law. Judgment overruling this motion was rendered on January 6, 1939. Williams filed also general and special demurrers to the petition, which were overruled, and an order or judgment was entered, appointing a receiver and adjudging Williams in contempt of court and directing the sheriff of the county to confine him in the county jail until he purged himself of contempt. Williams presented and had certified by the trial judge a bill of exceptions on January 16, 1939, in which error was assigned on each of the foregoing rulings. The defendant in error filed a motion in this court to dismiss the writ of error, on the grounds that the bill of

exceptions was premature and that the defendant Tyler was not made a party thereto.

■ The motion to dismiss the writ of error is placed on two grounds: (a) that the case is still pending in the trial court, and no exception to a final judgment is made; and (b) that Tyler should have been made a party plaintiff in error. Three rulings of the trial court are excepted to: (1) judgment overruling a motion by the plaintiff in error to dismiss the petition for want of jurisdiction; (2) judgment overruling general and special demurrers filed by the plaintiff in error; and (3) order adjudging plaintiff in error in contempt of court, directing the sheriff to confine him in jail, and appointing a receiver.

(a) The special plea or motion to dismiss, if sustained, would have terminated the case, and for this reason the plaintiff in error was entitled to have the ruling thereon reviewed in this court by a direct bill of exceptions. *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48). The first ground of the motion to dismiss the writ of error is without merit.

(b) It was not necessary that Tyler be made a party in the bill of exceptions. "Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions, assigning as error the overruling of the demurrer mentioned." *Jones* v. *Hurst,* 91 *Ga.* 338 (17 S. E. 635). See also *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64 (169 S. E. 491), and cit. The motion to dismiss the writ of error is overruled.

■ The plaintiff in error filed a motion to dismiss the plaintiff's petition, expressly reserving and not waiving any of his rights, on the ground that the petition alleged that plaintiff in error was a resident of the State of Florida and the entry of the sheriff of Whitfield County showed that there had been no service upon him, and there was no prayer for perfecting service upon him as provided by law. It appears from the record that the allegations of the motion were true, and since the plaintiff would not be entitled to any relief against the defendant without his having been served, the motion to dismiss should have been sustained. It was contended by defendant in error that the instant suit was ancillary to the habeas-corpus proceeding brought in the same court, that the

plaintiff was still subject to the jurisdiction of the court, and that the court had the right to proceed with the case without serving the plaintiff in error except as was done by serving Carlton C. McCamy, alleged to be his attorney. In the Code, § 81-204, it is provided that in suits in equity against non-residents service may be perfected by publication; but no attempt was made in the instant case to comply with this requirement. It is further provided in the same section that if the defendant is represented in court by an attorney of record, he may be served by serving such attorney of record. It can not be claimed that this provision was complied with in the instant case, for the reason that the record shows that the plaintiff in error was represented in the habeas-corpus proceeding by J. A. McFarland and O. R. Hardin, neither of whom was served in the instant case; and it further appears that Carlton C. McCamy was at no time attorney of record for plaintiff in error in that case. It is contended further, that since one of the prayers in the instant case was that the plaintiff in error be adjudged in contempt for failure to comply with the judgment in the habeas-corpus proceeding, it was not necessary that he be served in the instant case. We can not agree to this contention. We know of no case in which judgment of contempt can be rendered without serving the contemnor, except in cases of conduct in the presence of the court. Where it is sought to have one adjudged in contempt for failure to comply with the orders and judgments of court, it is essential that he be served and afforded an opportunity for hearing, before a valid judgment can be rendered in such a case. 12 Am. Jur. 437, § 70; 17 Am. Jur. 507, § 667; 24 L. R. A. 437; 137 Am. St. R. 879. The motion to dismiss should have been sustained and the petition dismissed as to the plaintiff in error.

■ Having held that the court was without jurisdiction as to the plaintiff in error, all subsequent rulings were nugatory; and it is not necessary for us to rule on the other assignments of error.

*Judgment reversed. All the Justices concur.*