## 27745. WILLIAMS *v.* THE STATE.

DECIDED SEPTEMBER 22, 1939.

*Alton G. Liles, Joe Quillian,* for plaintiff in error.
*Frank Simpson, solicitor-general, C. E. Gregory Jr.,* contra.

PER CURIAM. A direct bill of exceptions will not lie to a judgment overruling a motion for new trial in a criminal case, where the only trial had was on the issue raised by a plea of former jeopardy and a traverse to the plea, the verdict being against the plea. Such judgment is not "final" within the meaning of the statute. *Futch* v. *State,* 37 *Ga. App.* 151 (139 S. E. 110), and cit.; *Fennell* v. *State,* 46 *Ga. App.* 227 (167 S. E. 318); *Vaughn* v. *State,* 38 *Ga. App.* 438 (144 S. E. 223), and cit. This is a case where the defendant was indicted in Gwinnett superior court for a misdemeanor. He filed a plea of former jeopardy, alleging that he had pleaded guilty to an accusation in the city court of Buford, Gwinnett County, based on the identical offense, and had paid the fine assessed. A traverse of the plea was filed, and a jury returned a verdict in favor of the traverse. The defendant excepted to the overruling of his motion for a new trial. Under an

unbroken line of decisions by the Supreme Court and this court, this writ of error is premature and must be dismissed.

We come now to consider whether or not we will allow the bill of exceptions to be filed in the court below as exceptions pendente lite. In *Warren* v. *Blevins,* 94 *Ga.* 215 (21 S. E. 459), a plea to the jurisdiction was filed, alleging that the land, the subject-matter of the suit, was not in the county where the suit was filed. This plea was traversed, and the trial was on that issue alone. The losing party in that trial brought the case to the Supreme Court, and the writ of error was dismissed as premature. It was said: "For the purpose, however, of allowing the defendant to take advantage of the exceptions he has made, in the event it should in the end become necessary for him to do so, we have directed that he be allowed to enter his bill of exceptions on the minutes of the court below as exceptions taken pendente lite. We do not mean to say that these exceptions are meritorious, or that they are not. We give the direction indicated, simply for the purpose of preserving the rights of the defendant until the final hearing, this being, in our judgment, under the circumstances, a proper disposition to make of this case." Pleas in abatement, pleas to the jurisdiction, a special plea of forgery of a deed relied on in an ejectment case, and pleas of former jeopardy are pleas which may be tried as separate issues. In such event it appears that the proper practice as to exceptions is to take exceptions pendente lite, although the procedure may seem unusual. That was what was done in the *Warren* case, supra. In *McLaurin* v. *Fields,* 4 *Ga. App.* 688 (62 S. E. 114), this court passed on the following assignment of error: "The defendant filed exceptions pendente lite to the ruling of the court in *directing the verdict* in favor of the plaintiff on the issue raised by the plea in abatement, . . and assigns error thereon." (Italics ours.) This being a question as to whether the proper practice required a filing of exceptions pendente lite to the order overruling the motion for new trial, the court having made the verdict the judgment of the court, finding against the plea of former conviction, and such question not being the ordinary and usual subject-matter of exceptions pendente lite as in the instances of overruling or sustaining of general demurrers, and it not being so obvious that such a procedure is the usual and regular practice, we think the ruling in *Warren* v.

638

*Blevins,* supra, should be adopted here. We direct that the plaintiff in error be allowed to enter on the minutes of the court below, as exceptions pendente lite, his bill of exceptions here filed.

*Writ of error dismissed, with direction. MacIntyre, and Guerry, JJ., concur. Broyles, C. J., concurs in the ruling stated in the first headnote.*