28910. KILGORE *v.* WILLIAMS *et al.*

DECIDED JUNE 20, 1941.

*M. Davis,* for plaintiff. *T. T. Molnar,* for defendants.

BROYLES, C. J. Kilgore brought an action in trover against the defendants to recover a Ford automobile, which was given by Kilgore to the defendants as part of the purchase-price of a Plymouth automobile which the defendants sold to Kilgore. The balance of the purchase-price was to be paid in monthly installments. Kilgore made several payments, but failed to pay a note of $209 when it became due. Because of said default the defendants repossessed the Plymouth car and sold it to a third person. Kilgore's contention is that the defendants by repossessing the car rescinded the contract and, therefore, he is entitled to recover the Ford car.

Kilgore's note to the defendants contained the following provisions: "Time is of the essence of this contract, and if the purchaser default in any payment or compliance with the terms hereof, the seller . . may take immediate possession of said property without demand (possession after default being unlawful); . . and for this purpose the seller may enter upon the premises where said property may be and remove same. The seller may resell said property at public or private sale, without demand for performance, with or without notice, with or without such property at the place of sale, and upon such terms as the seller may determine. . . From the proceeds of any such sale the seller shall deduct all expenses of retaking, repairing, and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser, and, in case of deficiency, the purchaser shall pay the same with interest." In view of the above-stated stipulations in the note executed by Kilgore, the contention that the defendants' repossession of the car amounted to a rescission of the contract is untenable. The cases cited in behalf of the plaintiff in error, which hold that where the vendor of personal property by conditional bill of sale, in which the title is retained until paid for in full, *wrongfully* deprives the vendee of possession, the vendor is guilty of conversion, and the

vendee may maintain an action in trover against the vendor, are not applicable to the facts of this case which disclose that the repossession of the property was lawful. This court, in *Dickerson* v. *Universal Credit Co.*, 47 *Ga. App.* 512 (2) (170 S. E. 822), ruled as follows: "In this case, where the sole purpose of retaking possession of the property was to sell it and to apply the proceeds on the purchase-money, and this was done under and in pursuance of the authority in the contract, the vendor would not be rescinding the contract, but would be undertaking to have it enforced; and there could be a subsequent action for the recovery of the balance due, if any." In our opinion the verdict in favor of Kilgore was not demanded, or even authorized, by the evidence, and the granting of a first new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*