## 29706. PASCHAL v. HARDWICK.

BROYLES, C. J. 1. While in an action for damages based upon the alleged unlawful homicide of the plaintiff's husband, the plaintiff can not in *one* count allege both wanton and slight negligence on the part of the defendant (*Southern Ry. Co.* v. *McCrary*, 55 *Ga. App.* 406, 190 S. E. 195), yet it is well settled by numerous decisions of the Supreme Court and this court that she can do so in *different* counts of her petition.

2. Applying the above-stated ruling to the facts of this case, the court erred in disallowing the amendment to the petition offered by the plaintiff, and that error rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

DECIDED OCTOBER 17, 1942. REHEARING DENIED DECEMBER 15, 1942.

*Randall Evans Jr., Jack D. Evans,* for plaintiff.
*Stevens & Stevens,* for defendant.

## 29599. NATIONAL LLOYDS v. STEVENS.

SUTTON, J. 1. "A verdict finding against or in favor of a special plea to the jurisdiction of the court is not a final disposition of the case, since even if a verdict sustaining the plea to the jurisdiction was rendered, 'the main case would not have been at an end, for it would still have been incumbent upon the court to enter in that case a judgment of dismissal.' *Ross* v. *Mercer*, 115 *Ga.* 353, 354 (41 S. E. 594); *Douglas* v. *Hardin*, 163 *Ga.* 643, 645 (136 S. E. 793)." *Mims* v. *Goette*, 42 *Ga. App.* 625 (157 S. E. 262). See also *Porter* v. *State*, 43 *Ga. App.* 287 (158 S. E. 770).

2. The judgment which it is sought to review in the present case being one overruling the plea to the jurisdiction which was filed by the plaintiff in error, defendant in the trial court, and not being final in its nature, this court is without jurisdiction to entertain the writ of error and the same is dismissed. *Martin* v. *Green*, 188 *Ga.* 444 (4 S. E. 2d, 137). However, under the special facts of the case, it is ordered that the copy of the bill of exceptions now on file in the office of the clerk of the trial court operate as exceptions pendente lite.

Writ of error dismissed, with direction.

*Stephens, P. J., and Felton, J., concur.*

DECIDED NOVEMBER 12, 1942. REHEARING DENIED DECEMBER 15, 1942.

*Hooper, Hooper & Miller,* for plaintiff in error.
*C. C. Crockett,* contra.