29823.  C. I. T. CORPORATION *v.* SMITH.

FELTON, J. A verdict in favor of a plea to the jurisdiction is not a final judgment from which a writ of error will lie. Accordingly, where, as here, the only assignment of error is on the direction of a verdict against the plea to the jurisdiction, on the theory that it would have been final if it had been rendered in favor of the plea, the writ of error will be dismissed for the reason that no final judgment, or a judgment which would have been final if rendered as plaintiff in error contended, was excepted to. Because the Supreme Court in so many recent cases has applied the above rule in cases involving similar questions, the request to certify the question to the Supreme Court is denied. *Harris* v. *Stowers*, 192 *Ga.* 215 (15 S. E. 2d, 193); *Loveless* v. *McCollum*, 189 *Ga.* 219 (5 S. E. 2d, 582); *Martin* v. *Green*, 188 *Ga.* 444 (4 S. E. 2d, 137); *Gilbert* v. *Tippens*, 183 *Ga.* 497 (188 S. E. 699). For cases involving the specific question, see *Ross* v. *Mercer*, 115 *Ga.* 353 (41 S. E. 594); *Warren* v. *Blevins*, 94 *Ga.* 215 (21 S. E. 459); *Porter* v. *State*, 43 *Ga. App.* 287 (158 S. E. 770), and cit. Whether or not this court would or would

not ordinarily order the exceptions filed as pendente lite exceptions, counsel for plaintiff in error in his oral argument stated that he made no such request because he had filed pendente lite exceptions in time to preserve the points sought to be made here. .

*Writ of error dismissed. Stephens, P. J., and Sutton, J., concur.*

DECIDED DECEMBER 4, 1942.

*Wright & Covington, Woodruff & Ward,* for plaintiff in error.
*Maddox & Griffin,* contra.