### 31021. MUTUAL FERTILIZER COMPANY *v.* DELOACH.

PARKER, J. This was a suit for damages, brought by C. E. DeLoach against Mutual Fertilizer Company, in the city court of Claxton, Evans County. The petition alleged that the defendant was a corporation with an agent and place of business in Evans County. The defendant filed a special plea to the jurisdiction, denying that it had an office, agency or other place of business in that county, and alleging that it was a corporation chartered by the superior court of Chatham County, with its principal office in the latter county, that the superior court of Chatham County had jurisdiction, and that the court below had no jurisdiction over the person of the defendant or over the case. The issue formed on this plea was tried before a jury, which returned a verdict against the plea. Without filing a motion for a new trial, the defendant has prosecuted a writ of error, to this court specifying certain charges to the jury as erroneous. *Held:* The writ of error must be dismissed, on the motion of the defendant in error, because the verdict and judgment rendered on the plea to the jurisdiction was not a final disposition of the case, and is not a final judgment from which a direct bill of exceptions will lie. *Warren* v. *Blevins,* 94 *Ga.* 215 (21 S. E. 459); *Hall* v. *Roehr,* 13 *Ga. App.* 472 (79 S. E. 379); *Williams* v. *State,* 60 *Ga. App.* 636 (4 S. E. 2d, 719); *C. I. T. Corporation* v. *Smith,* 68 *Ga. App.* 556 (23 S. E. 2d, 503), and citations. See also *Wages* v. *Davison Chemical Corp.,* 71 *Ga. App.* 30 (29 S. E. 2d, 713), and citations therein. We do not pass on the question whether the writ of error is subject to dismissal for any other reason.

*Writ of error dismissed. Sutton, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 29, 1945. REHEARING DENIED OCTOBER 17, 1945.

*Anderson, Dunn & Houlihan, M. W. Eason,* for plaintiff in error. *P. M. Anderson,* contra.

#### ON MOTION FOR REHEARING.

Counsel for the movant contend that the verdict and judgment against its plea to the jurisdiction in the lower court was a final judgment from which a writ of error will lie, although the main

case might not have been disposed of. They cite *Hanjaras* v. *Kilpatrick,* 7 *Ga. App.* 464 (67 S. E. 120), *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48), and *Williams* v. *Mann,* 188 *Ga.* 212 (3 S. E. 2d, 557). These cases do not sustain counsel's contentions. In the *Hanjaras* case a motion was made to dismiss the suit because of alleged defects appearing upon the face of the pleadings. In the *Ray* case there was an oral motion to dismiss the case for want of jurisdiction of the defendant's person, and this motion was predicated on what appeared on the face of the record. In the *Williams* case the jurisdictional grounds of the motion to dismiss the action appeared on the face of the petition. In all of these cases the motions were in the nature of general demurrers, and the rulings thereon were properly excepted to by direct bills of exceptions. In the instant case there was a plea to the jurisdiction based on matters not appearing on the face of the record, but there was no motion to dismiss the case. Although this plea contained a prayer that the suit be dismissed, this was not sufficient to convert the plea into a motion to dismiss in the nature of a general demurrer, under the ruling in *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292). Had the verdict been in favor of the plea to the jurisdiction, it would not have been a final disposition of the case, because a judgment of dismissal in the main case would still have been necessary. *Mims* v. *Goette,* 42 *Ga. App.* 625 (157 S. E. 262), and citations.

However, it is ordered that the copy of the bill of exceptions on file in the court below be treated as exceptions taken pendente lite. *Rehearing denied.*