18421. Smith *v.* Smith.

Candler, Justice. 1. While no motion has been made to dismiss the writ of error, it is nevertheless this court's duty to consider and determine its jurisdiction in all cases brought up for review in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d 638); *Lanier* v. *Bailey,* 206 *Ga.* 161 (56 S. E. 2d 515); *Clay* v. *Smith,* 208 *Ga.* 423 (67 S. E. 2d 235).

2. In this State a party to litigation may except either to a final judgment adverse to him or to one which, if it had been rendered as claimed by him, would have been a final disposition of the cause. Code § 6-701; *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (49 S. E. 595).

3. In the case at bar the defendant's motions to vacate the sheriff's two returns of service, and thus thereby adjudicate that no legal service had been perfected by him, were in effect special pleas to the court's jurisdiction of his person. After the ruling that the motions were not subject to and should not be dismissed on the demurrers which the plaintiff interposed thereto, they were sustained by the court on the facts stipulated by the parties, but no judgment dismissing the case was sought by the defendant or entered by the court. Hence, after the defendant's motions were disposed of by the court, the plaintiff's case was still pending in the trial court. This being true, the writ of error is premature. *Warren* v. *Blevins,* 94 *Ga.* 215 (21 S. E. 459); *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594); *State Mutual Life &c. Assn.* v.

*Kemp,* 115 *Ga.* 355 (41 S. E. 652); *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772). All of the authorities just cited were cases in which special pleas to the jurisdiction of the court, either as to subject matter or as to person, were interposed by the defendants, but in which there were no motions to dismiss the cases. This court in each of those cases held that an adjudication of the issue made by the special plea did not dispose of the main case; and, after so holding, the court dismissed the writ of error in each case on the ground that it had been prematurely sued out. In *Baldwin's* case, supra, this court, speaking through Mr. Justice Lumpkin, said: "Striking an imperfect plea to the jurisdiction filed by the sole defendant, and rejecting an amendment thereto, is not a final judgment, and does not dispose of the case; nor would it have done so had the amendment been allowed and the motion to strike been overruled." And in *Ross* v. *Mercer,* supra, where the defendant filed a special plea to the court's jurisdiction of her person, this court, speaking again through Mr. Justice Lumpkin, said: "It was contended by counsel for the plaintiff in error that Mrs. Ross had the right to bring the case here under the Civil Code, § 5526 [Code 1933, § 6-701], because, as insisted, the 'judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause.' Manifestly, this position is untenable. The only judgment which could have been entered upon the verdict returned on the special issue was that the court had jurisdiction, and that the trial on the main case should accordingly proceed. Even if a verdict sustaining the plea to the jurisdiction had been rendered, the main case would not have been at an end, for it would still have been incumbent upon the court to enter in that case a judgment of dismissal." We have not overlooked the rulings of this court in *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48), and *Williams* v. *Mann,* 188 *Ga.* 212 (3 S. E. 2d 557). In each of those cases there was a motion to dismiss the case on the ground that the court did not have jurisdiction of the defendant's person, and it was held in each case that a judgment sustaining the motion to dismiss would have terminated the case. As we have previously pointed out, in the instant case there was no motion to dismiss the plaintiff's petition. Accordingly, no judgment has been rendered in the cause which can be brought to this court for review by a direct bill of exceptions.

*Writ of error dismissed. All the Justices concur.*

Argued January 13, 1954—Decided February 9, 1954.

*Wendell C. Lindsey, Noah J. Stone,* for plaintiff in error.
*Paul Webb, Jr., Bertram S. Boley,* contra.

This was an action for divorce and alimony, which was instituted in the Superior Court of Fulton County on July 11, 1953, by Mrs. Lucille D. Smith against her husband, Laurence D. Smith, a resident of Alabama. The defendant was served personally in Fulton County with a copy of the petition, process and

a rule nisi, on July 12, 1953. The rule required him to show cause on August 25, 1953, at the Fulton County Courthouse why his wife's prayers for temporary alimony and counsel fees should not be granted. Complying with the rule nisi, but without submitting himself to the jurisdiction of the court, the defendant made a special appearance on August 25, 1953, for the purpose of contesting the validity of the service which had been previously made upon him in the cause. On the ground that he had been served on Sunday, a day not judicial, he moved the court to vacate and declare of no effect the service which had been made upon him on July 12, 1953. By an amendment to the petition and on prayer therefor, the court by an order which was granted on August 25, 1953, directed the Sheriff of Fulton County to again serve the defendant with a copy of the petition, process, and a rule which required him to appear and show cause on September 9, 1953, why the plaintiff's prayers for temporary alimony and counsel fees should not be granted. Pursuant to and in accordance with the order therefor, the defendant was again served personally while at the Fulton County Courthouse on August 25, 1953. Again, and also without submitting himself to the jurisdiction of the court, the defendant made a special appearance on September 9, 1953, for the purpose of contesting the validity of the service as made upon him on August 25, 1953. In a motion to vacate and declare of no effect the second service made upon him, he alleged that the sole and only reason for his presence in Fulton County, or in the State of Georgia, on August 25, 1953, was for the purpose of attending court and contesting the validity of the service which had been made upon him in the plaintiff's case on July 12, 1953; that he was served at the Fulton County Courthouse while waiting for the court to hear his motion in its order; and that he was immune from service of civil process while so attending the court as a party litigant in obedience to its order and process. The plaintiff demurred to the defendant's two motions generally upon several grounds. Her demurrers were overruled, and that ruling is excepted to. She also responded to the motions and by answer averred that each service made upon the defendant was valid for reasons therein stated. Respecting the motions, the facts were stipulated to be: The defendant resides in Alabama. He came to Fulton County

on Sunday, July 12, 1953, was served in the plaintiff's case on that day, and on the same day he left the State of Georgia and returned to his home in Alabama. He had not been in the State of Georgia at any time near July 12, 1953, the date upon which he was served, and did not return to Georgia again until August 25, 1953. He came to Georgia on August 25, 1953, to attend court as a party litigant and for the sole purpose of urging his motion to vacate the service of July 12, 1953. While so attending court and while in the Fulton County Courthouse, he was served a second time with a copy of the plaintiff's petition, process, and a rule nisi. The motions were sustained and to those judgments the plaintiff also excepted. No judgment of dismissal was prayed for by the defendant or entered by the court and the plaintiff's petition for divorce and alimony is still pending in the court below.