19343. STANTON *v.* STANTON *et al.*

HAWKINS, Justice. The only judgment assigned as error in the instant case being one sustaining a plea to the jurisdiction and vacating and revoking a rule nisi and temporary restraining order previously granted, but not ordering a dismissal of the action, is not such a final judgment as will give this court jurisdiction of a writ of error complaining thereof. The writ of error, being premature, must be dismissed. *Crider* v. *Harris,* 181 *Ga.* 555 (182 S. E. 592); *Harris* v. *Stowers,* 192 *Ga.* 215 (15 S. E. 2d 193); *Waddell* v. *Groover,* 207 *Ga.* 166 (60 S. E. 2d 239); *Harper* v. *Mayes,* 209 *Ga.* 361 (72 S. E. 2d 710); *Smith* v. *Smith,* 210 *Ga.* 355 (80 S. E. 2d 160); *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594).

*Writ of error dismissed. All the Justices concur. Duckworth, C.J., concurs specially.*

ARGUED MAY 15, 1956—DECIDED JUNE 11, 1956—
REHEARING DENIED JULY 11, 1956.

*Nightingale & Liles, B. N. Nightingale,* for plaintiff in error.
*William R. Killian, Colon J. Cogdell,* contra.

DUCKWORTH, C. J., concurring specially. I concur solely because the innumerable decisions of this court compel me to do so. This case, however, demonstrates the fallacy of those decisions, and I regret that where, as here, it is obvious that a party who has

suffered an adverse judgment under those decisions is compelled to endure that judgment unless he is willing to stultify himself by asking the trial judge to render a judgment against his client.' I would, therefore, if the justices would agree, review and overrule every decision of this court that requires a dismissal here.